UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANNON LEWIS                                        CIVIL ACTION

VERSUS                                               NO. 10-1317

TIM WILKINSON, WARDEN                                SECTION "B"(6)

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

**PROCEDURAL HISTORY** [1]

On November 30, 1999, petitioner, Shannon Lewis, a prisoner presently incarcerated in Winn Correctional Center, Winnfield, Louisiana, was charged by bill of information with possession with intent to distribute a controlled dangerous substance, to wit: cocaine, within 1000 feet of Pollock Park. Petitioner was arraigned on January 27, 2000 and pled not guilty. On March 3, 2000, the State amended the bill of information to provide that the offense date was September 9, 1999 instead of November 9, 1999. On November 16, 2000, the case was tried in the Twenty-Fourth Judicial District Court for the Parish of Jefferson before a twelve-person jury which found petitioner guilty as charged. On January 10, 2001, petitioner was sentenced to twenty-five years imprisonment with fifteen years to be served without benefit of parole, probation or suspension of sentence. On July 11, 2001, pursuant to the State's multiple bill, petitioner was adjudicated to be a multiple offender and his original sentence was vacated. Petitioner was resentenced to thirty years incarceration without benefit of probation or suspension of sentence.

On August 28, 2001, pursuant to petitioner's appeal, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence. *State v. Lewis*, 797 So.2d 196 (Table), 01-0352 (La. App. 5 Cir. Aug. 28, 2001) (unpublished opinion). Thereafter,

---

[1] A portion of the procedural history was attained from the Louisiana Fifth Circuit Court of Appeal's opinion, *State v. Lewis*, 797 So.2d 196 (Table), 01-0352 (La. App. 5 Cir. Aug. 28, 2001) (unpublished opinion). A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 1 of 4.

petitioner did not apply for rehearing nor did he seek review with the Louisiana Supreme Court. Thus, under the provisions of La.C.Cr.P. art. 922, petitioner's conviction and sentence became final 14 days later, on September 11, 2001, when the delay for applying for rehearing expired.[2]

On August 23, 2003, counsel filed on petitioner's behalf an application for post-conviction relief with the state district court.[3] On July 6, 2006, following an evidentiary hearing, the district court denied petitioner post-conviction relief.[4]

---

[2]La.C.Cr.P. art. 922 provides, in pertinent part, as follows:
    A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
    B. A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

[3]A copy of petitioner's post-conviction application is contained in the State rec., vol. 1 of 4. Because petitioner's post-conviction application was filed by counsel he is not entitled to the mailbox rule which provides that a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). While there is no court file-stamp date on the post-conviction pleading, counsel dated the pertinent pleading on August 28, 2003. However, the district court determined, in its April 19, 2004 Order, that petitioner's post-conviction application was filed on August 23, 2003. (Copy of April 19, 2004 Order is contained in State rec., vol. 1 of 4). This court will give petitioner the benefit of the earlier, August 23, 2003, filing date.

[4]A copy of the court's minute entry documenting the evidentiary hearing and the district court's denial of petitioner's post-conviction application is contained in the State rec., vol. 1 of 4. Petitioner did not seek relief from a higher court in connection with the district court's July 6, 2006 adverse ruling.

On April 26, 2010, petitioner filed the instant habeas corpus action.[5] Based upon the reasoning set forth below, the court finds petitioner's federal habeas corpus application to be untimely.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[6] *See* 28 U.S.C. § 2244(d)(1) (West 2011), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's judgment became final on September 11, 2001, when the 14-day deadline for seeking rehearing expired, and his time for seeking review ended September 27, 2001, when his 30-day time limit for seeking relief from the Louisiana Supreme Court

---

[5]Because petitioner filed his federal habeas petition *pro se*, this court utilized the "mailbox rule" for the purpose of ascertaining his April 26, 2010 filing date. As noted earlier, under the "mailbox rule", a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing. *Cooper*, 70 F.3d at 379. Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing and, therefore, the filing date. *Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application).

[6]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

expired.[7]   Thus, petitioner had a year from September 27, 2001, until September 27, 2002, to timely seek federal habeas corpus relief.

Petitioner did not file the instant action until April 26, 2010, over seven years after his limitation period expired.  Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As noted earlier, on August 23, 2003, counsel filed on petitioner's behalf an application for post-conviction relief with the state district court.  At that point, however, petitioner was approximately ten months beyond his one-year prescriptive period.[8]  Thus, this matter would appear to be time-barred absent a basis for equitably tolling petitioner's

---

[7]La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:
> An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

[8]The court notes that petitioner, subsequent to his August 23, 2003 post-conviction application, filed other state applications. However, applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of a habeas petitioner's federal application.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, 2000 WL 1023423, *4 (E.D. La. July 24, 2000), *aff'd*, 253 F.3d 702 (5th Cir. 2001); *Williams v. Cain*, 2000 WL 863132, *2 (E.D. La. June 27, 2000).

prescriptive period.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991, *quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), *citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

In the instant matter, petitioner provides no basis warranting the application of equitable tolling nor has this court's review of the record uncovered any basis for equitably tolling petitioner's prescriptive period. Accordingly;

## **RECOMMENDATION**

For the foregoing reasons, it is hereby recommended that the application for federal habeas corpus relief filed by petitioner, Shannon Lewis, should be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[9]

New Orleans, Louisiana, this __15th__ day of _____August_____, 2011.

                                           LOUIS MOORE, JR.
                                           United States Magistrate Judge

---

[9]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.