UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **SHANNON LEWIS** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 10-1317** |
| **TIM WILKINSON, WARDEN** | **SECTION "B"** |

### ORDER AND REASONS

Before the Court is Petitioner Shannon Lewis' objections (Rec. Doc. No. 15) to Magistrate Judge Moore's Report and Recommendation recommending dismissal with prejudice of Petitioner's habeus corpus petition under 28 U.S.C. § 2254. (Rec. Doc. No. 14). After considering the Report, objections, and applicable law, and for the reasons pronounced below,

**IT IS ORDERED** that Petitioner's objections to the Magistrate Judge's Report be and are hereby **OVERRULED**. The Magistrate Judge's Report and Recommendation is hereby adopted, and Petitioner's petition for federal habeas corpus review is **DISMISSED WITH PREJUDICE** as without merit.

### Facts and Procedural History

On November 30, 1999, Lewis was charged in state court with possession with intent to distribute a controlled substance

within 1000 feet of Pollock Park. On November 16, 2000 Lewis was tried before a 12 person jury and found guilty. On January 10, 2001, Lewis was sentenced to twenty-five years in prison at hard labor, 15 of which are without the benefit of parole, probation, or suspension of sentence. On January 11, 2001, Lewis filed a motion for appeal which was granted.

On July 11, 2001, pursuant to the State's multiple bill, a Habitual Offender Bill of Information, Lewis plead guilty to being a third felony offender and his original sentence was vacated. Petitioner was resentenced to thirty years of incarceration without benefit of probation or suspension of sentence.

On August 28, 2001, pursuant to Lewis' appeal, the Louisiana Fifth Circuit Court of Appeals affirmed his conviction and state sentence. *State v. Lewis*, 797 So.2d 196 (Table), 01-0352 (La. App. 5 Cir. Aug, 2001)(unpublished opinion). Thereafter, petitioner did not apply for rehearing nor did he seek review with the Louisiana Supreme Court. Thus, under La.C.Cr.P. art. 922, Lewis' conviction and sentence became final 14 days later on September 11, 2011, when the delay for applying for rehearing expired.

Nearly two years later, Lewis filed his first application for post-conviction habeas relief on August 23, 2003 in state

court. He claimed that the Louisiana Fifth Circuit Court of Appeal erroneously interpreted LSA-R.S. 40:981.3, and, therefore, incorrectly found that the evidence presented at trial was constitutionally sufficient to support his conviction on appeal. Following an evidentiary hearing on July 6, 2006, the district court denied petitioner post-conviction relief.

Lewis filed a second application for post-conviction relief on August 4, 2006 in state court. He alleged due process violations, ineffective counsel, and newly discovered evidence as grounds for setting aside his conviction. The district judge dismissed the successive application pursuant to LSA-C.Cr.P. art. 930, as untimely, and La.C.Cr.P. art. 930.4(D), which provides for dismissal of successive claims that "fail to raise a new or different claim."

The Louisiana Fifth Circuit Court of Appeals on review affirmed in part and reversed in part the trial court's decision to dismiss. *State v. Lewis*, 08-KH-60 (La. App. 5 Cir. 3/26/08)(unpublished). The Fifth Circuit held that the petitioner had demonstrated sufficient evidence, in the form of a dated letter, to bar dismissal on the grounds of repetitiveness pursuant to La.C.Cr.P. § 930.4. *Id.* at pp. 2-3. The letter stated that the City of Kenner did not own Pollack Park. The state appellate court remanded the matter to consider

whether the letter was newly discovered evidence suppressed by the state. *Id*.

On remand, the trial court conducted an evidentiary hearing. Randolph Clement, The Director of the City Planning Department in the City of Kenner, confirmed the 2004 letter and his signature. Also at the hearing, copies of Kenner ordinances as well as a map of the City of Kenner were presented, noting that Pollock Park was not listed as a drug-free zone and was not on the map. The trial court, nevertheless, dismissed the motion because of petitioner's failure to demonstrate how the evidence was newly discovered and not available to him previously. The state appellate court affirmed that ruling on review. *State v. Lewis*, 09-KH-9 (La. App. 5 Cir. 2/3/09)(unpublished). Thereafter, Petitioner filed a writ application in the Louisiana Supreme Court under docket number 09-KH-0905 which that court denied on February 5, 2010.

The instant action was filed by Lewis on April 26, 2010. Lewis argues that the state prosecutor suppressed evidence at trial that was exculpatory in nature. On January 6, 2011, the state Attorney General filed a timely response. On August 15, 2011, Magistrate Judge Louis Moore filed a report and recommendations. On September 9, 2011, Lewis filed an objection to the report.

## LAW AND ANALYSIS

**1. Untimely Filing**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *habeas corpus* claims pursuant to 28 U.S.C. § 2254 must be brought within one year from the latest of either the date the petitioner's state judgment becomes final or the expiration of his time for seeking review. 28 U.S.C. § 2254(d)(1). Petitioner's state court judgment became final on September 11, 2001 when the 14 day period for seeking rehearing expired, and on September 27, 2001 his time for seeking review expired when his 30 day time limit expired for seeking relief from the Louisiana Supreme Court. Therefore, the statute of limitations period of one year began on September 27, 2001, the latest of the two dates, and ended on September 27, 2002.

The petitioner did not file the instant action until April 26, 2010.[1] This action falls well outside the statutory period of limitation since it was filed over seven years after the expiration of the one year period and, therefore, is untimely.

---

[1] Because petitioner filed his federal habeas petition *pro se*, he magistrate court utilized the "mailbox rule" for the purpose of ascertaining his April 26, 2010 filing date. Under the "mailbox rule", a pleading filed by a prisoner acting *pro se* is considered to be filed on the date it is delivered to prison officials for mailing. *Cooper*, 70 F.3d at 379. Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing and, therefore, the filing date. *Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999).

In addition, as regards equitable tolling, the petitioner is not entitled to its benefits because he neither filed a state application for post-conviction review during the appropriate time nor can he demonstrate any extraordinary circumstances for his late filing.

The equitable tolling provision is found in 28 U.S.C. § 2254 (d)(2), the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As noted in the factual and procedural history, though petitioner filed an earlier petition on August 23, 2003, that earlier petition was still filed 11 months after the end of the statutory period of limitation. *See* 28 U.S.C. § 2254 (d)(1). As a result, the untimely filed petition on August 23, 2003 is not a valid ground for implementation of equitable tolling.

In addition, the Supreme Court has held that to be entitled to equitable tolling, the petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. Digulielmo*, 544 U.S. 408, 418 (2005). The petitioner must demonstrate some extraordinary circumstance

that prevented his timely filing. It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, (2000), *citing Rashidi v. American President Lines*, 96 F.3d 124 (5th Cir. 1996). The evidence must demonstrate that the applicant, though deterred by matters outside of his control, was nevertheless diligent in his pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner has not alleged any circumstance that was misleading or prevented him from asserting his rights in some extraordinary way. Instead, his only contention is that because he did not know that he needed to file a claim, he should be considered to have acted diligently. However, *pro se* status and lack of expertise in the legal system do not constitute extraordinary circumstances that warrant equitable tolling of the statute of limitations. *Alexander v. Cockrell*, 249 F.3d 626, 629 (5th Cir. 2002); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). "To hold otherwise would give carte blanche to every defendant to determine his or her own statute of limitations." *Atkins v. Warden*, 585 F.Supp. 2d 286 (D. Conn. 2008), *affirmed by* 354 Fed. Appx. 564, *cert. denied* 131 S.Ct.

262.

Furthermore, the petitioner has not demonstrated "reasonable diligence" in pursuing his claim, where for nearly two years he has made no effort to contest his conviction. *See Holland v. Florida*, 130 S.Ct. 2549 (2010).

**2. Ineffective counsel**

In the alternative, the petitioner argues that his claim should not be barred as untimely because of ineffective assistance of counsel. However, The Supreme Court has stated that "attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 337 (2007), *citing Coleman v. Thompson*, 501 U.S. 722 (1991).

Nevertheless, the Supreme Court has held that attorney conduct can rise to the level of an extraordinary circumstance when it is extremely egregious. *Holland v. Florida*, 130 S.Ct. 2549 (2010). As stated in *Holland* to establish an extraordinary circumstance, the petitioner must demonstrate more than "garden variety" or "excusable neglect," instead he must show "extraordinary" negligence. *Holland*, 130 S.Ct. at 2564. The Court in *Holland* determined that a claim of ineffective counsel

rose to the level of extraordinary negligence when a prisoner repeatedly compelled his attorney to pursue his claim and the attorney did nothing before the period of limitation expired. *Id.*

Here as stated previously, the petitioner did not pursue his claim for nearly two years (11 months after the expiration of the period of limitation). Unlike the prisoner in *Holland*, the petitioner has not indicated that he attempted to contact counsel or otherwise pursue his *habeas* claim within the 21 months that followed his conviction. Therefore, he has made no showing of extraordinary negligence on the part of the attorney. *See Lawrence*, 549 U.S. at 337. As a result, the petitioner has failed to show that his counsel's performance rose to the level of an extraordinary circumstance that would give rise to equitable tolling.

## Conclusion

For the foregoing reasons, **IT IS ORDERED** that the instant § 2254 motion is **DISMISSED**.

New Orleans, Louisiana, this 19th day of October, 2011.

UNITED STATES DISTRICT JUDGE